Saul S. Streit, J.
The claimants herein are husband and wife. The husband owned two cars; one was insured and one was not. The husband was driving the uninsured ear with his wife by his side when it is alleged they were involved in an accident with a £ £ hit-and-run ’ ’ vehicle. The policy covering the insured car contained the usual “New York Automobile Accident Indemnification Endorsement ”.
In filing the notice of claim, the claimants originally contended that they were ‘ ‘ Qualified Persons ’ ’ and as such they come within the purview of the remedial nature of the Motor Vehicle Accident Indemnification 'Corporation. Now, however, in their affidavit in opposition to this motion to stay arbitration, they seek leave to amend their status to that of “ Insured ” persons, under the terms of the Motor Vehicle Accident Indemnification Corporation endorsement attached to the policy on the car that was insured.
Subdivision b of section 601 of the Insurance Law defines a “ Qualified person” as (1) “a resident of this state, other than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle ” (emphasis supplied). Clearly then, claimants desire to amend is understandable if they are to be provided any relief. Whether the amendment is justified, however, is the critical issue on this motion.
It would be a unique determination that would grant relief to a person whose own conduct was such as necessitated the very remedial legislation with which provisions he now seeks to cloak himself. The declaration of purpose of the incorporation and operation of the Motor Vehicle Accident Indemnification Corporation was stated to be the grave concern by the Legislature for innocent victims suffering injury or death through no fault of their own as the result of accident caused by “ (3) motor vehicles registered in this state as to which at the time of the accident there was not in effect a policy of liability insurance.” (Insurance Law, § 600, subd. [2].)
Clearly, the husband-owner of the uninsured vehicle is excluded from any benefit under the provisions of the Insurance Law, setting up Motor Vehicle Accident Indemnification Corporation and as to him the motion is granted permanently staying arbitration.
Insofar as the wife Jacqueline is concerned, her situation is not the same. Her rights, if any, are derived from the endorsement on her husband’s policy covering 'his insured car. This determination will merely stay Garth M. Bullard from the benefit of the Motor Vehicle Accident Indemnification Corporation *818 endorsement under his policy because as owner he knew he was driving an uninsured auto at the time of the accident, however, the same may not be said of his wife Jacqueline, because at this stage there has been no showing that she knew that the second car (the one involved in the accident) was uninsured. Until such time as the wife demonstrates that she is an innocent victim as called for by the statute, she may not proceed to arbitration. This motion as to her is granted, but with leave to move to compel arbitration upon such papers as will indicate that she is an innocent victim.