Charles A. Loreto, J.
Claimant, as a passenger in one motor vehicle, sustained personal injuries in a head-on collision with another motor vehicle. Pursuant to article 17-A of the New York Insurance Law, he filed a claim with the MVAIC. In turn, it obtained an order of this court directing ‘ ‘ a trial of the preliminary issue as to whether claimant was an ‘ innocent victim ’ within the meaning of Article 17-A ’ ’ of the statute.
The respondent contends the claimant was not an innocent victim. It relies principally on testimony given by a State Trooper who interviewed claimant in a hospital shortly after the accident. The officer reported that claimant related that when he was picked up at Kerhonkson, New York, by his companion already half drunk, they had two beers and proceeded to the Pageant Restaurant, where each had four bottles of beer and his companion two shots of whiskey. Then claimant wanted to drive but his companion insisted on driving and was driving 70 or more miles per hour, and “ started talking about trouble with his wife and how he felt like ending it all ’ ’. When claimant told him he was driving too fast, he slowed down some. However, a collision occurred. Claimant sustained serious injuries and his companion was reported dead at the scene.
It is clear that claimant’s companion represents another statistic for the book “Man Against Himself” by the famed psychiatrist Karl Menninger, who reports instances of suicide and self destruction in the manner related here. However, on the record before this court it is quite another matter to attribute the same motivation to the claimant. Whether he was the good and luckless friend who stood by to comfort and console his companion during his despondency, has not been shown. And whether his conduct in riding with and continuing to ride with his companion as driver under all the circumstances, constitutes contributory negligence, even of an aggravated kind, is not the issue before the court now.
While there is no gainsaying that the driver of the vehicle in which claimant was a passenger, would not be considered an *825 “innocent victim ” of the collision, there is no proof that the claimant became and remained a passenger of the motor vehicle with the same motive that can reasonably be attributed to the former.
The Legislature found gaps in the Financial Security Act of 1956 in that it failed to secure to “innocent victims of motor vehicle accidents for the injury and financial loss inflicted upon him ’ ’, and it declared its intent to close such gaps by this statute and thereby provide recompense for such innocent victims, who come within the purview of and comply with the provisions of the act.
Respondent cites Matter of MVAIC (Levy) (17 A D 2d 965 [2d Dept., 1962]) as authority for denying arbitration to claimant. That case held that if it is determined preliminarily that if claimant “knew that the automobile had been stolen when she entered it or had remained therein as passenger after acquiring such knowledge despite reasonable opportunity to alight there from” (italics supplied), she would not be considered an ‘ ‘ innocent victim ’ ’ within the meaning of the term as used in the act and would be barred from recovering against the insurer. Claimant’s remedy then would be against the thief.
More in point is Matter of Short (MVAIC) (42 Misc 2d 682, 683) where it was charged “ ‘ that claimant and the operator may have been under the influence of alcohol to such an extent that they were incapable of exercising reasonable care for their own safety’ ”. Special Term there correctly stated that the issue of contributory negligence or even gross contributory negligence would be one for the arbitrators to determine as part of the question whether claimant is legally entitled to recover pursuant to the policy indorsement.
In the Legislature’s use of the term ‘1 innocent victim ’ ’ in its declaration of purpose, it set forth the limits of the canopy of all persons coming under its cover. Those standing without its cover are persons who, when injured, were wrongdoers — persons engaged in criminal conduct or motivated by evil intent or committing an act not acceptable under our standards of morality. Thus, one using a stolen vehicle or using a vehicle to commit suicide or with intent to injure another person, will not be treated as an “ innocent victim ”. In other words, the word “innocent” as used in this statute will not be equated with immorality and criminality. However, it does not exclude negligence. The scope of MVAIC is not to give any recompense to a wrongdoer (Matter of MVAIC [Jerman], 32 Misc 2d 946).
In a note on this subject found in the Brooklyn Law Review, April, 1963 (vol. 29, p. 290) the author states: “ to sanction a *826 recovery to these ‘ tainted 7 persons, regardless of their exercise of bad faith, would subvert the purpose of the MVAIC law and create a perpetual haven for those persons traveling with notorious alcoholics, car thieves and others of similar import.
4 ‘ Once it has been established that the injured party is an innocent victim and has been categorized as either a ‘ qualified 7 or ‘ insured 7 person, he brings himself within the protective cover of the act. However, he must then comply with the conditions applicable to persons in this category before he is entitled to a recovery.77
In conclusion the court finds that claimant was an ‘ ‘ innocent victim 7 7 within the meaning of the statute.