Marshall E. Livingston, J.
On June 18, 1967 Robert Buck-man was driving his wife Rosalind’s car westerly on the New York State Thruway in the Town of Sullivan, Madison County, New York. Mrs. Buckman, a minor, was in the front passenger seat, and Robert’s sister Barbara, aged 14, was a passenger in the rear seat. The car was involved in an accident about 1:15 p.m., and all three persons were injured.
Each Notice of Intention to Make Claim (form M-22) filed with MVAIC by Robert, Rosalind and Barbara Buckman contains the following description of the accident in answer to question 8 on the form: “ Vehicle #1 going west on Thruway in passing lane; unknown Vehicle #2 going west in right lane; Vehicle #3 disabled on shoulder — Vehicle #2 swerved into lane of Vehicle #1 forcing Vehicle #1 off road.” (Vehicle No. 1 refers to the Buckman car.)
These notices of claim, by reason of an alleged hit-and-run automobile being involved, were filed with MVAIC and received by petitioner, Commercial Union Insurance Company of New York, on or about July 12, 1967, or within 30 days from the date of the accident. The New York Automobile Accident Indemnification Endorsement attached to respondent Rosalind’s policy then in effect with the petitioner contained the usual requirement of 90 days’ written notice of claim to the company.
*165 Nothing more appears in relation to this claim until on or about July 18, 1968, a year later, when the petitioner received, on behalf of all three respondents-claimants, a demand for arbitration on a form supplied by the American Arbitration Association, dated July 17,1968. The demand form was signed by one of the attorneys for the respondents-claimants.
The form, in addition to having all the blanks filled in, con-. tains the following: “PLEASE TAKE NOTICE that unless objections to arbitration proceedings are received within 10 days, all objections will be deemed waived.”
Thereafter, on July 24, 1968, petitioner’s attorney personally served on one of the attorneys for respondents-claimants a notice of motion for an order staying the arbitration, pending a judicial determination as to whether or not the claimants’ injuries arose out of physical contact between the Buckman car and the hit-and-run vehicle, as required by article II, section (c) of the afore-mentioned New York Automobile Accident Indemnification Endorsement.
CPLR 7502 (subd. [a]) provides in its first sentence: “A special proceeding shall he used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action. ’ ’ (Italics supplied.)
No action was pending here, and no summons had been served (CPLR 304). Therefore, generally the petitioner’s motion to stay arbitration would be used as a special proceeding to bring before a court the first application arising out of an arbitrable controversy.
CPLR 7503 (subd. [c]) with which we are here concerned, provides the ground rules whereby a claimant may demand arbitration, or as the section puts it, “ may serve upon another party a notice of intention to arbitrate ”. Such notice shall state, and the notice here in substance did state, “ that unless the party served applies to stay the arbitration within ten days after such service he shall thereafter be precluded ’ ’. This demand to arbitrate, being a special proceeding, (see, CPLR 304, 403) shall be served in the same manner as a summons, or by registered or certified mail, return receipt requested.
After a demand to arbitrate has been duly served, containing the 10-day preclusion notice, the carrier’s application to stay arbitration must be served in the same manner as a summons, i.e., personally upon the party or parties, as the case may be, or by the alternative provisions for service by registered or certified mail, return receipt requested.
In this case, concededly, the motion by petitioner to stay arbitration was made personally upon respondents’ attorneys, but *166 not upon the respondents personally or by registered or certified mail, return receipt requested.
Therefore, such service was ineffective in order to give the court jurisdiction of the motion, and the motion must be denied for lack of jurisdiction (see Matter of State-Wide Ins. Co. [Lopes], 30 A D 2d 694, wherein a stay of arbitration was denied for lack of jurisdiction because service was made upon the respondents’ attorneys).
There is one important difference, it seems to me, in the facts of the Lopes case (30 A D 2d 694, supra) and the case before me. None of the papers before me on this motion show how the demand for arbitration was served. In Lopes, the record on appeal indicates that the demand was properly served on the carrier.
Consequently, because of the mandatory provisions of CPLR 7503 (subd. [c]) regarding the manner of service of the demand upon the petitioner, I requested that the attorneys advise me whether the demand for arbitration was served personally or by registered or certified mail, return receipt requested.
I am now informed by Leonard A. Snyder, Esq., one of the attorneys for claimants-respondents, in a letter dated November 15, 1968, as follows:
“ Pursuant to our conversation of this day, in reply to your letter of November 13, 1968, please be advised that I do most strenuously object to the question of whether or not the demand for arbitration was served by any manner other than ordinary mail, on the grounds that this matter was not raised at any point by the attorney for the petitioner.
‘ ‘ In reply to your letter, I must candidly state that the demand for arbitration was served by regular mail only.”
Accordingly, I hold that the demand for arbitration herein was a nullity because service of it was not made in the manner prescribed by CPLR 7503 (subd. [c]).
Respondents’ counsel argues that the fact of improper service of the demand cannot be raised by the court now. This court, however, deems it must, sua sponte, recognize that “what is sauce for the goose, is sauce for the gander ”.
Here respondents urge that because of petitioner’s failure to complete service, as required by CPLR 7503 (subd. [c]), the motion to stay must be denied. This has been done. The service was ineffectual on which to base such a motion, whether or not the demand for arbitration was proper.
By the same token, however, it seems clear to me that the demand for arbitration was a nullity because it did not conform *167 with the requirements of service specifically set forth in CPLR 7503 (subd. [c]).
It is unnecessary for the determination of this motion to comment respecting the various other points raised by counsel. However, CPLR 1209 specifically requires that infants be represented in accordance with CPLR 1201.
An order, without costs of this motion, approved as to form or settled on notice, may be submitted
(1) denying petitioner a stay of arbitration; and
(2) declaring respondents’ service of the demand for arbitration, or notice of intention to arbitrate, as the section designates it, null and void; without prejudice, however, to such further procedures under CPLR 7503 as the parties may be advised to take.