Bernard S. Meyer, J.
Petitioner seeks to stay arbitration under the uninsured motorist endorsement of respondent’s policy. Respondent objects to the jurisdiction of the court on the ground that the petition was not timely served upon respondent. Since respondent’s demand for arbitration was received by petitioner on January 27, 1969 and the petition was not served on respondent until February 25, 1969, the point would be well taken had respondent’s demand been served by certified or registered mail. It was, however, served by ordinary mail and, therefore, ‘ ‘ the 10-day limitation to move for a stay does not apply ” (Matter of Napolitano [MVAIC], 26 A D 2d 757, revd. on other grounds 21 N T 2d 281). While the original service of the petition upon respondent’s attorney was insufficient (Matter of State-Wide Ins. Co. [Lopez], 30 A D 2d 694) service of the petition on respondent herself on February 25, 1969 by certified mail was effective. The court has jurisdiction of this proceeding.
The grounds upon which it is sought to stay arbitration are that (1) the demand was not properly served, (2) the other vehicle was insured, and (3) notice was not given within 90 days or as soon as practicable. While the demand for arbitration was not served as required by CPLR 7503 (subd. [c]), the only consequence of the defect was that the 10-day limitation period provided for in that section did not begin to run, but see Matter of Commercial Union Ins. Co. (Buckman) (58 Misc 2d 164). The section is- not concerned with how a demand *675 for arbitration shall be made but how certain defenses to arbitration can be precluded. The manner in which demand is to be made is governed by the policy provision, which simply calls for “written demand ”, (New York Automobile Accident Indemnification Endorsement, par. 7). The reference in that paragraph of the endorsement to the ‘ ‘ Rules of the American Arbitration Association ” would make those rules relevant, but they have not been proved, apparently because they also simply provide for service by ordinary mail (see Matter of Samincorp [Tikvan Min. Co.], 43 Misc 2d 27). Service by ordinary mail was sufficient to constitute the paper served a proper demand under the policy, though it was not sufficient to start the running of the preclusion limitation period under the statute.
The collision between respondent’s vehicle and a vehicle owned by Jesse Toomer and operated by his wife occurred November 1, 1967. In evidence is an FS-25 issued by the Department of Motor Vehicles stating that on November 1, 1967, the Toomer vehicle was not insured. Toomer testified that he obtained insurance on the car in April, 1967 through R & L Agency but never received the policy or any notice of cancellation. In evidence is a notice of cancellation dated June 16, 1967 sent by General Fire & Casualty Company to Toomer and showing the name of R & L Agency on its face canceling policy Z23628 effective July 9, 1967, and a postal receipt evidencing mailing of that notice on June 16, 1967. The witness Demettia, General Fire’s senior casualty underwriter, testified that the address to which the notice was sent was the address on the application, and was the only address his company had. The fact that the notice was sent to an address at which the insured did not reside and was not received by the insured does not make the cancellation notice ineffective if the address stated on the policy is used and the insurer has not been notified of any other (Matter of Hilton [MVAIC], 53 Misc 2d 823, affd. 29 A D 2d 630; Allstate Ins. Co. v. Altman, 21 Misc 2d 162). Tomala v. Peerless Ins. Co. (20 A D 2d 206, affd. 14 N Y 2d 862) relied on by petitioner, is not to the contrary for that decision recognized that cancellation would have been effective had the insurer complied with the provisions of section 313 of the Vehicle and Traffic Law (p. 209). The notice in the instant case did comply with that section. The Toomer vehicle was, therefore, uninsured on the date of the accident.
A more difficult problem is presented with respect to notice. Paragraph 3 of the endorsement requires that insured give notice *676 of claim ‘ ‘ Within 90 days or as soon as practicable. ’ ’ The term “ as soon as practicable ” requires that notice be given within a reasonable time under the circumstances (Matter of Lloyd [MVAIC], 27 A D 2d 396), and the burden of proving that the delay was reasonable is upon the insured (Matter of Kauffman [MVAIC], 25 A D 2d 419; Matter of MVAIC [Cosulich], 23 A D 2d 546). Reasonableness of the delay depends upon insured’s diligence in (1) ascertaining the insurance status of the other operator, and (2) giving notice once his lack of insurance is discovered (Matter of Lloyd, supra; Matter of Kauffman, supra; Matter of MVAIC [Cosulich], supra; Matter of MVAIC [Brown], 15 A D 2d 578, app. dsmd. 11 N Y 2d 968; Matter of Stroud [MVAIC], 26 Misc 2d 960, affd. 13 A D 2d 757). A claimant, it has been said 11 should be at least as diligent in initially endeavoring to find out whether the other car is insured as he is after discovering there is no insurance ” (Matter of Kauffman, supra). The purposes of the notice requirement are to permit the insurer to investigate and prepare while claims are fresh and memories have not faded, and to permit the insurer to obtain an early physical examination (Matter of Lloyd, supra). Nonetheless, because notice of claim is a condition precedent, the insurer need not show that it was prejudiced (see Weatherwax v. Royal Ind. Co., 250 N. Y. 281). However, proof that in another connection the insurer had notice of the insured event tends to negate prejudice to the insurer and, it has been held, may be considered on the issue whether notice was given within a reasonable time (Kitching v. Century Ins. Co., 20 A D 2d 791; see Solomon v. Continental Fire Ins. Co., 160 N. Y. 595). While the two cases last cited concerned fire insurance policies, no reason for not applying them to uninsured motorist coverage cases is readily apparent.
Applying those principles to the case at bar, the court, as the trier of fact, concludes the notice was given within a reasonable time under all the circumstances. Here the collision occurred on November 1, 1967; respondent retained her attorney on November 3, 1967; on November 13, 1967 petitioner acknowledged receipt of respondent’s accident report and forwarded to her a medical report form under the medical payment coverage of the policy; on December 1, 1967 respondent’s attorney wrote petitioner concerning her medical payments claim (which was paid by petitioner’s draft of February 14, 1968); on December 13, 1967 respondent’s attorney wrote claim letters to Mr. and Mrs. Toomer asking in each letter that it be turned over to the insurance carrier, if there was insurance; on January 4, 1968 respondent’s attorney wrote *677 to the Department of Motor Vehicles for the Toomer MV 104 and followed this np with letters of January 11, 1968 and February 23, 1968; on March 8, 1968 the department replied that no accident report had been filed by Mrs. Toomer; on March 20, 1968 respondent’s attorney wrote petitioner giving notice of claim under the uninsured motorist endorsement and apparently on the same day sent an FS-25 to the Department of Motor Vehicles inquiring whether the Toomer vehicle was insured on November 1, 1967; on March 22, 1968 the FS-25 was received by the department; the search requested was made on March 28, 1968 and on April 15, 1968 respondent’s attorney filed with petitioner a photocopy of the FS-25 confirming that the Toomer vehicle was not insured on the date of the accident.
Petitioner contends that the period of 140 days which elapsed from date of accident to the giving of notice was unreasonable, that respondent and her attorneys were not diligent in seeking information concerning insurance on the Toomer vehicle, that diligence required that an FS-25 be immediately sent rather than waiting to do so until after the letters to the Toomers and the requests for the MV 104 both proved fruitless, and that it is immaterial that petitioner was advised through receipt of the accident report and the medical payment claim that the accident had occurred. Without question the better practice would have been for respondent’s attorney to write his claim letters, send for the MV 104 and ask for an insurance coverage search on the day he was retained, but the issue under consideration is not was the matter dealt with perfectly, but was reasonable diligence exercised. Insurance information received from the Department of Motor Vehicles is not necessarily always correct (see Matter of Merchants Mut. Ins. Co. [Schmid], 56 Misc 2d 360) and the vehicle owner either directly or through his accident report is also a source of insurance information. To find on the facts of the present ease that notice was not given within a reasonable time would be to apply the standard of the most diligent rather than the reasonably diligent attorney. Especially is this so when petitioner had notice of the accident under the liability and medical payments coverages and, therefore, had both reason to make an early investigation and the opportunity to require respondent to “ submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require” (Conditions, par. 7). Applying the rule of the Kitching case, the court finds as a matter of fact that notice was given within a reasonable time.