■ In the Matter of NOREEN LEVY, an Infant, by Her Mother and Natural Guardian, ANNA M. LEVY, et al., Respondents, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — Order, Supreme Court, New York County, entered June 3, 1980, reversed, on the law, and the petition of petitioner-respondent to sue respondent-appellant MVAIC dismissed, without costs. The infant petitioner was injured in a hit-and-run accident while, with the owner's permission, she was operating a moped. That vehicle is a class B limited use motorcycle (Vehicle and Traffic Law, § 121-b), requiring both registration and insurance (Vehicle and Traffic Law, § 2265, subd 3), and the operator thereof to be licensed (Vehicle and Traffic Law, § 2266, subd 3). Special Term, finding that petitioner, "only 14 at the time of the occurrence reasonably believed that the vehicle did not carry insurance and that none was required", held petitioner to be a "qualified person" under the MVAIC statute, and granted the petition. Cited as authority for the proposition that being "an innocent victim" provides her with such status is *Matter of Bullard (MVAIC)* (45 Misc 2d 816), wherein the husband driver of an uninsured vehicle was not found to be a "qualified person" while the passenger wife was so found to be. But *Bullard* is not dispositive; both it, and *Matter of Nagle (MVAIC)* (22 NY2d 165), speak only of "innocent victim", without addressing the impact of section 618 of the Insurance Law on the fact pattern here found. "Innocence" is not the only requirement for one to be a "qualified person" (Insurance Law, § 618, subd [a], par [2]); it is also required (Insurance Law, § 618, subd [a], par [3]) that the "injured * * * person was not at the time of the accident operating an uninsured motor vehicle". Petitioner, the driver, could therefore not have been a "qualified person", and the petition should have been dismissed. Concur — Birns, J.P., Sullivan and Markewich, JJ.

Bloom and Fein, JJ., dissent in a memorandum by Bloom, J., as follows. Bloom, J. (dissenting). On August 7, 1979, Richard Crespo, a 15 year old, had just received a new moped. Anxious to show off his new acquisition, he visited his cousin, Noreen Levy, then 14, and her sister, Janet. He invited the two to go for a ride. First he instructed each of the girls in the method of operation of the vehicle. Following his instructions Janet operated the moped east on 196th Street in The Bronx, crossing Bainbridge Avenue and then returning. Noreen was then invited to ride. She followed the path set by her sister. As she approached Bainbridge Avenue she noted that the traffic light governing east and westbound traffic was green. Since she was traveling east she proceeded to cross the avenue. Unbeknownst to her an automobile was proceeding north on Bainbridge Avenue. More intent on haste than caution, the automobile "ran" the light, striking the moped. The impact threw Noreen from the moped, causing injury to her. After the impact the offending vehicle fled the scene. Despite all efforts, neither Noreen nor any

member of her family has been able to ascertain the identity either of the operator or the owner of the vehicle. Accordingly, after satisfying all preliminary procedural requirements Noreen filed a claim with the Motor Vehicle Accident Indemnification Corporation (MVAIC). Through her mother as natural guardian, she brought this proceeding for leave to institute suit against MVAIC. MVAIC opposed, contending that since Noreen was operating an uninsured vehicle she was ineligible to bring suit (Insurance Law, § 618, subd [a], par [3]). Special Term properly granted the application. As it subsequently developed, the moped in question had a maximum performance speed of more than 20 miles per hour but not more than 30 miles per hour. By reason thereof, it was a class B limited use motorcycle (Vehicle and Traffic Law, § 121-b). Hence, it was required to be registered and its owner was required to carry insurance (Vehicle and Traffic Law, §§ 2265, subd 3; 312, subd 1). However, it is undisputed that none of this was known either to Crespo or to Noreen at the time. Certainly, Noreen was unaware that the moped was a class B limited use motorcycle; she was unaware that it was required to be registered; and she was unaware that the owner of the moped was required to provide insurance in the minimum amounts required by law. When, in 1958, the Legislature enacted the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art 17-A) it made its purpose plain. It noted that the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art 6) failed "to accomplish its full purpose of securing to *innocent victims* of motor vehicle accidents recompense for the injury and financial loss inflicted upon them * * * The legislature determines that it is a matter of grave concern that such *innocent victims* are not recompensed for the injury and financial loss inflicted upon them and that the public interest can best be served by closing such gaps" (Insurance Law, § 600, subd [2]; emphasis supplied). In interpreting this declaration of purpose our Court of Appeals made clear that it was the legislative intent to protect the injured person provided he was not himself the wrongdoer *(Matter of Nagle [MVAIC],* 22 NY2d 165). Subdivision (a) of section 618 of the Insurance Law provides that in "hit and run" cases a "qualified person", subject to certain conditions, may bring suit; and subdivision b of section 601 makes plain that Noreen is a "qualified person". Our brethren in the majority would disqualify Noreen because she was not operating an insured vehicle, one of the conditions specified in section 618 (subd [a], par [3]). However, as *Matter of Bullard (MVAIC)* (45 Misc 2d 816) makes clear, one who is injured while a passenger in an uninsured vehicle which she has no reason to believe is uninsured is not thereby disqualified from bringing action against MVAIC. By parity of reasoning, a 14-year-old driver of a borrowed class B limited use motorcycle, who has no cause to believe that such vehicle is required to be insured and who is injured without fault on her part by a "hit and run" driver is the *innocent victim* contemplated in the statute and should have equal right to press her claim. It is important to note the difference between the situation here presented and that noted in *Servido v Superintendent of Ins.* (77 AD2d 70). Although that case was decided in the context of the Comprehensive Automobile Insurance Reparations (no-fault) Act, (Insurance Law, art 18, §§ 670 *et seq.),* its teaching is applicable to the facts before us. There the *owner* and operator of an uninsured vehicle was injured in an accident caused by the defective condition of his automobile. Inasmuch as his mother also owned a motor vehicle which was insured and he claimed to be a member of his mother's household, he sought "no-fault" benefits under his mother's policy. The Superintendent of Insurance had adopted a regulation, written into the mother's policy, which barred recov-

ery by a relative injured while occupying a vehicle owned by the relative with respect to which the required insurance was not carried. By a divided court, we held the regulation to be a valid exercise of the Superintendent's power. It is to be noted that the exclusion from coverage was limited to the *owner* and then only while occupying an uninsured vehicle *owned* by him. Here, Noreen was not the owner of the moped. Although she was its operator, she was unaware that it was uninsured or, indeed, that it required insurance. She was not at fault in causing the accident. Indeed, she is the "innocent victim" for the protection of whom the statute was adopted. Accordingly, I would affirm the order appealed from.