■ In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and WILLIAM MITCHELL, Respondent.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about February 9, 1989, which, *inter alia,* denied petitioner's (MVAIC) motion to stay arbitration, unanimously affirmed, without costs.

Respondent, driving an uninsured vehicle, was involved in an accident with another vehicle which was also apparently uninsured. Respondent sought no-fault benefits from MVAIC. MVAIC refused to pay such benefits, claiming that as the driver of an uninsured vehicle, respondent was not entitled to benefits.

It is unclear whether the vehicle which respondent was driving was owned by his sister, as respondent claims, or his spouse, as petitioner MVAIC claims. It is unnecessary to determine this factual question because, in either event, respondent fit the definition of a qualified person under Insurance Law § 5221. If the vehicle had been owned by respondent's spouse, nevertheless, since respondent was not a "pas-

senger", he is a qualified person; nor does the statute generally exclude persons driving uninsured vehicles. Other requirements under other sections of the Insurance Law (see, Insurance Law § 5211 [a] [2]; § 5218 [b] [3]) do not apply under these circumstances. The apparent illogic of the statute must be resolved by the Legislature. (Servido v Superintendent of Ins., 77 AD2d 70, revd 53 NY2d 1041.) Concur—Ross, J. P., Asch, Milonas, Rosenberger and Ellerin, JJ.