■ In the Matter of CATHERINE M. JONES, as Administratrix of the Estate of WILLIAM D. JONES, JR., Deceased, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—Casey, J. Appeal from an order of the Supreme Court (White, J.), entered June 28, 1990 in Montgomery County, which granted petitioner's application pursuant to Insurance Law § 5208 to compel respondent to pay petitioner no-fault benefits.

At issue on this appeal is whether petitioner, as the legal representative of the deceased driver of an uninsured motor vehicle, can seek no-fault benefits from respondent. We agree with Supreme Court that petitioner can seek such benefits.

Insurance Law § 5221 requires that respondent provide for the payment of first-party benefits to a "qualified person" for basic economic loss arising out of the use or operation in New York of an uninsured motor vehicle. "Qualified person" is defined as "a resident of this state, other than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle, or his legal representative" (Insurance Law § 5202 [b] [i]). Relying upon the phrase "when a passenger in such vehicle", respondent argues that a driver of an uninsured motor vehicle cannot be a qualified person. The argument is premised on a misreading of the statute; the phrase must be read in context. According to the plain meaning of the statute, a "qualified person" is any resident of New York except an insured or the owner of an uninsured motor vehicle or the spouse of such owner when the spouse is a passenger in such vehicle. If the injured party would be a qualified person within the meaning of the statute, then his or her legal representative is also a qualified person. Drivers of uninsured motor vehicles are not generally excluded from the benefits provided by Insurance Law § 5221, although there is an apparent illogic in that the statute excludes the spouse of the owner of an uninsured vehicle when the spouse is a passenger in such vehicle but not when the spouse is the driver of such vehicle (*Matter of MVAIC [Mitchell]*, 155 AD2d 296, 297, *lv denied* 76 NY2d 703). It is also noteworthy that when the Legislature wanted to exclude the driver of an uninsured motor vehicle from receiving benefits, the statute expressly so provides (*see,* Insurance Law § 5218 [b] [3]; *Matter of Levy v MVAIC,* 81 AD2d 816, *affd* 56 NY2d 694).

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.