■ In the Matter of the Arbitration between TRAVELERS INDEMNITY COMPANY, Respondent, and LYDIA MADERA et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered June 4, 1992, which granted petitioner's application to stay arbitration of an uninsured motorist claim demanded by respondents, unanimously affirmed, without costs.

Absent a valid excuse, failure to satisfy an insurance policy notice requirement vitiates coverage *(Matter of Allcity Ins. Co. [Jimenez],* 78 NY2d 1054, 1055-1056, *affg* 170 AD2d 238). Nevertheless, respondents argue, citing *Matter of Merchants Mut. Ins. Co. (Anziano)* (59 Misc 2d 673), their sworn statement should be deemed timely even though not filed with petitioner within 90 days of the accident, as required by the endorsement, since petitioner had earlier and timely notice of the accident as a result of receiving medical reports and a motor vehicle accident report in connection with respondents' claim for no-fault benefits. As the IAS Court pointed out, this argument overlooks that in *Merchants Mut. (supra,* at 676), the endorsement provided that a claim had to be filed " '[w]ithin 90 days or as soon as practicable' ", whereas here the 90 day notice requirement is unqualified. Accordingly, arbitration was properly stayed. Concur—Sullivan, J. P., Carro, Wallach, Asch and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORI ADDANTE, Appellant.—Judgment, Supreme Court, New York County (Howard Bell, J.), rendered October 7, 1987, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, J. P., Milonas, Ellerin and Wallach, JJ.