■ In the Matter of TRAVELERS INSURANCE COMPANY, Appellant, v LEON LIANIDES et al., Respondents. [668 NYS2d 200] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered September 19, 1997, which denied petitioner insurer's application to stay arbitration of respondents' uninsured motorist claim, and dismissed the petition, unanimously modified, on the law and the facts, to direct that the injured respondent comply with petitioner's disclosure demands, and to stay arbitration as to the uninjured respondent, and otherwise affirmed, without costs.

While respondents did not notify petitioner of their intention to make an uninsured motorist claim until October 1996, five and a half years after the hit-and-run accident of April 1991 that allegedly caused the subject injuries, petitioner was informed of the accident the day after it occurred, and of the nature of the injuries in February 1992, only some three months after respondents themselves first learned of the causal connection between accident and the injuries. Also, in February 1992, respondents' insurance broker advised petitioner of their intention to claim no-fault benefits, which they did in April 1992. Under the circumstances, petitioner received notice of the claim as soon as practicable, in compliance with the notice of claim provision in the uninsured motorist endorsement (*see, Matter of Travelers Ins. Co. [Dauria]*, 224 AD2d 259; *cf., Matter of Travelers Indem. Co. v Madera*, 189 AD2d 570). However, because the uninjured respondent, the injured respondent's wife and guardian, was not involved in the accident, she is not entitled to benefits under the uninsured motorist endorsement, and, accordingly, a stay of arbitration should have been granted as to her. Further, since petitioner has not obtained any medical information concerning respondent's condition since April 1992, respondent is directed to submit to a physical examination by petitioner's doctors and to an examination under oath, and to provide authorizations for hospital and medical records and for no-fault, employment and workers' compensation records. Concur—Rosenberger, J. P., Ellerin, Williams and Mazzarelli, JJ.