OPINION OF THE COURT
David Elliot, J.
Petitioners seek an order pursuant to Insurance Law § 5218, granting permission to commence an action against respondent Motor Vehicle Accident Indemnification Corporation (MVAIC).
Petitioners were involved in a motor vehicle accident on June 27, 2000. The driver of the other vehicle left the scene of the accident, leaving behind his girlfriend, who identified herself to the police as Maria Gonzalez. The driver left on the pretext of getting help, but did not return.
*888 In support of their petition, petitioners initially provided no information, but merely set forth in conclusory fashion that they had made all reasonable efforts to ascertain the identity of the driver.
In opposition to the motion, MVAIC first alleges that reasonable efforts have not been made to ascertain the identity of the driver. In fact, MVAIC annexes to the opposition papers a copy of a police report which identifies a specific individual as the driver.
MVAIC also asserts that Dulce Paulino is not a qualified person to recover under the Insurance Law, because she was operating an uninsured motor vehicle at the time of the accident. Annexed to the MVAIC opposition is a copy of a denial of benefits form in which GE Auto Insurance program disclaims, because the policy covering the petitioner’s vehicle was cancelled on June 13, 2000, prior to the June 27, 2000 accident.
Finally, MVAIC opposes, alleging that petitioner Dulce Paulino is married to the owner of the vehicle, and that pursuant to Insurance Law § 5202 (b), the spouse of an owner of an uninsured vehicle does not qualify for MVAIC benefits. It is alleged that Dulce Paulino was operating a vehicle owned by Luis Paulino at the time of the occurrence, and that the two are married.
In reply, petitioners for the first time provide the court with a factual background, and the circumstances of the alleged reasonable effort to ascertain the identities of the owner and operator of the vehicle in question. Although no documentation was provided to the court, they assert that the petitioners are sisters of the owner of the vehicle, and that neither one is the spouse. However, the petitioners never allege that the Paulino vehicle was insured at the time of the occurrence. Under the circumstances, and based on the only evidence on this motion and the failure of the petitioners to allege that the petitioners’ vehicle was insured at the time of the occurrence, the court finds that the Paulino vehicle was uninsured at the time of the occurrence.
Article 52 of the Insurance Law covers MVAIC, and Insurance Law § 5202 (b) defines “qualified person.” That definition, in pertinent part, is as follows: “ ‘Qualified person’ means (i) a resident of this state, other than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle * *
The first issue to be addressed is whether Dulce Paulino, the operator of the uninsured vehicle, is a qualified person. She *889 cannot be an “insured” as set forth in the definition of “qualified person,” as there was no policy in effect. She was also not the owner of the uninsured vehicle, and asserts that she is not the spouse of the owner. However, while Dulce Paulino is clearly a “financially irresponsible motorist” as defined in Insurance Law § 5202 (j), as a resident of the state she fits within the definition of “qualified person.” Absent some other consideration, she would be entitled to commence an action against MVAIC, because a person defined as a “financially irresponsible motorist” in this situation nevertheless fits within the definition of a “qualified person.” MVAIC’s focus on whether Dulce Paulino is the spouse of the owner, and whether the petitioners fit within the definition of qualified persons, confuses the question of whether the parties may recover first-party benefits under Insurance Law § 5221, with the issue in this case, whether an action may be commenced pursuant to Insurance Law § 5218.
As a “qualified person,” the driver of an uninsured motor vehicle is not precluded from receiving first-party benefits. In 1989 MVAIC moved to stay arbitration and the First Department held that a motorist was not disqualified because he was the driver of an uninsured vehicle. The Court found that the statute does not generally exclude uninsured persons, and that the “apparent illogic of the statute” must be resolved by the Legislature. (Matter of Motor Veh. Acc. Indem. Corp. [Mitchell], 155 AD2d 296, 297 [1989], lv denied 76 NY2d 703 [1990].)
In 1991 the Appellate Division, Third Department, took up the issue and followed the Mitchell case. The Court held “Drivers of uninsured motor vehicles are not generally excluded from the benefits provided by Insurance Law § 5221, although there is an apparent illogic in that the statute excludes the spouse of the owner of an uninsured vehicle when the spouse is a passenger in such vehicle but not when the spouse is the driver of such vehicle.” (Jones v Motor Veh. Acc. Indem. Corp., 172 AD2d 942, 942 [1991], citing Matter of Motor Veh. Acc. Indem. Corp. [Mitchell], supra.) The Jones Court went on, “It is also noteworthy that when the Legislature wanted to exclude the driver of an uninsured motor vehicle from receiving benefits, the statute expressly so provides” (at 942 [citations omitted]). The court notes that under these cases, contrary to the assertion of the respondent, Dulce Paulino would be entitled to first-party benefits whether or not she was the spouse of the owner.
However, while Dulce Paulino is a “qualified person” under Insurance Law § 5202, and thereby entitled to first-party *890 benefits under Insurance Law § 5221, as the operator of an uninsured motor vehicle she is nevertheless disqualified under Insurance Law § 5218 from commencing an action against MVAIC to recover for her alleged personal injuries.
Insurance Law § 5218 (b) (3) provides, inter alia, that the court may grant an order permitting an action against MVAIC if “the injured or deceased person was not at the time of the accident operating an uninsured motor vehicle or operating a motor vehicle in violation of an order of suspension or revocation.” As Dulce Paulino was the operator of an uninsured motor vehicle at the time of the accident, she may not commence an action against the respondent.
As the passenger of the vehicle, petitioner Lourdes Paulino is a “qualified person” as set forth in the Insurance Law, and is not barred from commencing an action. Our inquiry, however, does not end there.
Provided that the other conditions of the section are met, Insurance Law § 5218 (b) provides “The court may proceed upon the application in a summary manner and may make an order permitting the action when after a hearing it is satisfied that: * * * (5) all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator and either the identity of the motor vehicle and the owner and operator cannot be established, or the identity of the operator, who was operating the motor vehicle without the owner’s consent, cannot be established * *
Here, the petitioners allege that a person that identified herself as Maria Gonzalez gave a fictitious name and address for the driver of the vehicle to the police, and that the true owner and operator cannot be located. The basis for that conclusion was contained in the reply papers and is twofold. First, Dulce Paulino states that she went to the address given by Maria Gonzalez as her boyfriend’s address and listed on the police report, “only to find that no person by that name * * * lived at that address.” Second, an envelope sent by certified mail, return receipt requested, to the name and address listed on the police report was returned. The envelope did not state the reason for its return by the postal service, but was postmarked September 7, 2000, and indicates a first notice on September 26, and its return on October 1.
The issue to be determined by the court is therefore whether the petitioners have demonstrated that all reasonable efforts have been made to ascertain the identity of the owner and operator of the offending vehicle; the parties are entitled to a hearing on that issue.
*891 As the court finds that petitioner Dulce Paulino is not entitled to the requested relief, her petition is in all respects denied. As to Lourdes Paulino, the petition is granted only to the extent of setting the matter down for a hearing to determine whether said petitioner has shown a reasonable eifort to ascertain the identity of the owner and operator of the offending vehicle, and for final disposition of the petition.