GARDNER v INSURANCE COMPANY OF NORTH AMERICA

1. AUTOMOBILES—INSURANCE—UNINSURED MOTORISTS—SET-OFF PROVISION.

An uninsured motorist provision, in a no-fault automobile insurance policy, which allows the insurer to reduce the amounts payable under the uninsured motorist provision by the amounts paid for personal protection benefits is not contrary to public policy and is valid.

2. AUTOMOBILES—INSURANCE—UNINSURED MOTORISTS—SET-OFF PROVISION.

Amounts paid for personal protection benefits under an automobile insurance policy may be set off against amounts payable under an uninsured motorist provision of the policy where the insurance contract contains a clear and unambiguous provision ·allowing such a set off.

Appeal from Oakland, Alice L. Gilbert, J. Submitted February 14, 1978, at Lansing. (Docket No. 77-2793.) Decided March 20, 1978.

Complaint by Joseph C. Gardner and Barbara M. Gardner against the Insurance Company of North America for a declaratory judgment that a set off of amounts paid for personal protection benefits against amounts payable under an uninsured motorist provision in a no-fault insurance policy could only occur after plaintiffs had recovered damages from an uninsured motorist. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] New Topic Service Am Jur 2d, No-fault Insurance § 3.
[2] 7 Am Jur 2d, Automobile Insurance § 135 et seq.

*Hutson & Hutson,* for plaintiffs.

*Harvey, Kruse & Westen, P. C.* (by *Dane A. Lupo),* for defendant.

Before: DANHOF, C. J., and BRONSON and N. J. LAMBROS,* JJ.

N. J. LAMBROS, J. On February 7, 1974, plaintiffs suffered injuries[1] in an automobile accident with an uninsured motorist. They were insured by defendant under a no-fault insurance policy. They paid an additional premium of $2 for uninsured motorist coverage. A policy provision allowed the insurance company to reduce the amounts payable under the uninsured motorist provision by the amounts paid for personal protection benefits. Plaintiffs sought a declaratory judgment that this set off could occur only after plaintiffs had recovered damages from the uninsured motorist, see MCLA 500.3116; MSA 24.13116,[2] but the trial court granted defendant's motion for summary judgment. On appeal, plaintiffs argue that they are entitled to payment of the uninsured motorist benefits without a set off and that the policy provision providing for a set off is contrary to the public policy of this state.

In *American Fidelity Fire Insurance Co v Wil-*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Joseph Gardner suffered a broken neck and lost his right kneecap with a permanent loss of mobility. Barbara Gardner broke her arm, jaw and other facial bones. They were paid about $13,000 for economic losses of wages and medical bills (PIP); they are now claiming for $40,000 in noneconomic losses.

[2] Plaintiffs' reliance on this statute to void the set-off provision is misplaced. This section deals with the set off of tort recoveries from statutorily required personal protection benefits while the instant case involves deducting personal protection benefits from uninsured motorist benefits, which are not required by law.

*liams,* 80 Mich App 125; 263 NW2d 311 (1977),[3] this issue was discussed and the Court held that an essentially identical policy provision allowing set off was valid and not contrary to public policy. We find their reasoning persuasive. Since the repeal of MCLA 500.3010; MSA 24.13010, by 1972 PA 345, an insurer is not required to provide (or a motorist to have) a statutorily mandated minimum amount of uninsured motorist coverage.

The insurer, in this case, is liable only for payment of benefits on the basis of the contract. The contract provisions are clear and unambiguous in authorizing a deduction of personal protection benefits from uninsured motorist benefits. A set off provision is not restricted to "similar" benefits, see *Royal Globe Insurance Co v Connolly,* 54 App Div 2d 1117; 389 NYS2d 207 (1976), and does not contain ambiguities which are capable of being strictly construed against the insurer, *Arrigo's Fleet Service, Inc v Aetna Life & Casualty Co,* 54 Mich App 482, 487, n 5; 221 NW2d 206 (1974), *lv den,* 392 Mich 812 (1974), so as not to permit set off.

If the policy provision does call for a set off, plaintiffs claim that it cannot be given effect since it is contrary to public policy. Plaintiffs contend that such a provision might, in some circumstances, render the uninsured motorist coverage totally worthless where personal protection benefits exceed the uninsured motorist policy limits. However, the insurer is no longer required to provide uninsured motorist coverage. Although the policy does not offer as much protection as plaintiffs would like, in retrospect, it does offer some limited protection. There are accidents in which

---

[3] See also, *Schigur v West Bend Mutual Ins Co,* 80 Mich App 640; 264 NW2d 83 (1978).

people incur minimal economic losses but suffer greatly from noneconomic injuries. On the facts of this case, we cannot say that the policy provisions were against the public policy of this state.[4]

Affirmed. Costs to defendant.

---

[4] As the Court noted in *American Fidelity Fire Ins Co, supra,* a search for assistance from other jurisdictions is not very fruitful, *see* Anno: *Uninsured Motorist Insurance: Reduction of Coverage By Amounts Payable Under Medical Expense Insurance,* 24 ALR3d 1353. These cases involve different factual and legal settings (*i.e.,* whether there was an applicable policy provision providing for set off, whether the damages were above or below the policy limits, whether there was a potential for double recovery, whether the statute required, forbade, or was silent about set offs, whether no-fault was in effect in that state and whether a certain minimum level of uninsured motorist coverage was required by statute) which makes the analysis of their holdings difficult and inconclusive as applied to the facts of this case.