**Robert D. CARNEVALE, a minor by Robert Carnevale, his guardian and Robert Carnevale in his own right, Plaintiff,**

v.

**SENTRY INSURANCE A MUTUAL COMPANY, a corporation, Defendant.**

Civ. A. No. 77–1159.

United States District Court,
W. D. Pennsylvania.

May 2, 1979.

Samuel Avins, Pittsburgh, Pa., for plaintiff.

Donald W. Bebenek, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

TEITELBAUM, District Judge.

### FACTS

The instant case is an action for $15,000 in damages resulting from an alleged breach of the uninsured motorist provision

---

in the automobile insurance policy issued by defendant under the Pennsylvania No-Fault Act.

Minor plaintiff, 15 years of age, was riding his bicycle across the Bloomfield Bridge in Pittsburgh on May 5, 1976, when he was asked to stop and help push a disabled vehicle. Another motorist stopped his car behind the disabled one and got out to assist. A third car crashed into the two stopped cars, pinning the minor plaintiff between them, causing permanent injuries requiring medical and hospital treatment for which the cost to date is approximately $48,000. The negligent third party was an uninsured motorist. The minor plaintiff, as a member of the household of adult plaintiff, is an insured under the uninsured motorist coverage provided in defendant's policy. The uninsured motorist coverage is to the extent of $15,000 and it is admitted by defendant that plaintiff would qualify to receive all of this sum. Defendant contends, however, that plaintiff's policy includes an endorsement which permits a set-off of the no-fault payments of $48,000 so as to leave nothing due plaintiff.

Plaintiff's first contention requires but short mention. Plaintiff contends that the endorsement providing for the aforementioned set-off was never delivered to plaintiff and thus was not a part of the insurance contract. Testimony at trial, however, conclusively established that plaintiff received a copy of the endorsement, as did all other policyholders.

Plaintiff's second contention is considerably more troubling. The second contention being that the set-off should be unenforceable. Defendant included the set-off provision in its policies pursuant to the Pennsylvania Insurance Regulations and the approval of the Pennsylvania Insurance Commissioner. Our task, therefore, is not merely to review defendant's policy language, but also to assess the validity of the regulations authorizing such policy language.

The purpose of Pennsylvania's no-fault law is to create a first party contractual right of action against one's own insurer for economic loss and to preserve the common law cause of action for non-economic loss where certain threshold conditions have been met.[1] Uninsured motorist coverage is designed to provide protection against being left with a worthless cause of action against the uninsured driver for non-economic loss.[2] Defendant's set-off provision, therefore, disregards the legislative distinction between economic and non-economic loss. By authorizing the set-off of no-fault payments for economic loss against uninsured motorist benefits, the Pennsylvania Insurance Regulations render the uninsured motorist coverage practically worthless. Only in the rare situation where economic losses are small and non-economic losses substantial does the uninsured motorist coverage provide any protection under a system of set-off as contained in defendant's policy. Insurance companies such as defendant reap a windfall in that premiums are paid for coverage which is totally worthless in the typical situation where no-fault payments either exceed the uninsured motorist policy limits or exceed non-economic losses. Accordingly, this Court holds that defendant's set-off provision is unenforceable because it is inconsistent with the purpose of the Pennsylvania No-Fault Law and with public policy.

Absent the set-off provision, plaintiff is reimbursed for his economic losses under the no-fault coverage and reimbursed for his non-economic losses up to the policy limit by the uninsured motorist coverage. In this manner, the legislatively intended distinction between economic and non-economic losses is preserved. Public policy is also furthered in that premiums paid for uninsured motorist coverage will provide protection against non-economic losses occasioned by an uninsured motorist's actions. Having concluded that defendant's policy

---

1. The threshold conditions have been met in the case *sub judice.*

2. There could be no other purpose since economic losses are paid by one's own insurer without regard to whether or not the other driver is insured.

set-off and the regulations authorizing it are inconsistent with the intended purpose of the Pennsylvania No-Fault Law and public policy, judgment will be entered in favor of plaintiff in the amount of $15,000.[3]

The foregoing shall constitute findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a). An appropriate Order will issue.

---

**3.** The Court declines to follow two (2) decisions upholding similar set-off provisions. In *Nationwide Mutual Fire Insurance Company v. Newton*, 579 P.2d 1178 (Co.Ct.App.1978), a similar provision was upheld in reliance upon specific Colorado statutory language. In contrast, the Pennsylvania No-Fault statutory language provides no guidance on this specific problem. Additionally, the Court in *Gardner v.* *Insurance Company of North America*, 82 Mich.App. 128, 266 N.W.2d 474, (1978) upheld a similar provision relying upon the limited protection afforded where non-economic injuries are severe and economic losses small. This Court believes that such a combination arises so infrequently as to render its potential usefulness of little or no value.