411 A.2d 516

**Linda B. BRADER, Administratrix of the Estate of
. Timothy A. Brader, Deceased**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued·June 4, 1979.

Filed Oct. 5, 1979.

Reargument Denied Jan. 9, 1980.

David E. Lehman, Harrisburg, for appellant.

George F. Douglas, Jr., Harrisburg, for appellee.

Before PRICE, GATES and DOWLING,* JJ.

PRICE, Judge:

This appeal is from the order of the court of common pleas granting appellee's petition for declaratory judgment. The pertinent facts are as follows. Appellee's decedent, Timothy A. Brader, was killed on November 10, 1977, when his automobile was struck head-on by an automobile driven by an uninsured motorist. Decedent maintained an insurance policy with appellant which provided for the following coverage: family compensation benefits up to $5,000; no-fault benefits of up to $5,000 for survivor's loss and the first $1,500 of funeral expenses; and uninsured motorist coverage up to $15,000. Appellant paid appellee the full amounts of coverage with respect to the family compensation benefits and the no-fault benefits of survivor's loss and funeral expenses, but refused to pay the full amount of coverage provided by the decedent's uninsured motorist provision. Appellant maintained that the $15,000 maximum coverage called for in that provision should be reduced by the no-fault benefits ($6,500) received. To support this contention, appellant pointed to the following clause contained in the uninsured motorist provision of decedent's insurance policy:

"Any amount payable to or for an insured under the Uninsured Motorist coverage of any policy will be reduced by the amount of any Personal Injury Protection benefits paid or payable, and any benefits that would have been paid or payable except for a deductible provision."

Appellee filed a petition for declaratory judgment with the court of common pleas claiming that the entire $15,000 of uninsured motorist coverage was due and owing since the damages to the estate exceeded the total amount of coverage provided for under the decedent's insurance policy. The court of common pleas, per the Honorable Dale F. Shugart, P. J., granted appellee's petition and held that the clause in

---

* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

the decedent's uninsured motorist provision allowing set-off of no-fault benefits was invalid and contrary to public policy.

■ Simply stated, the question presented by this case is whether the policy provision in issue is contrary to public policy and legislative intent, *i. e.,* may an insurance company reduce the statutorily mandated minimum benefits of its uninsured motorist insurance provisions by setting off those amounts received by the insured under his no-fault coverage? We hold that it may not, and therefore affirm the order of the court of common pleas.

Appellant maintains that the policy provision in issue was drawn verbatim from the standard form no-fault policy promulgated by the Pennsylvania Insurance Commission, *see* 31 Pa.Code § 66.2(a), and therefore, its compliance with the commission's recommendation was consonant with regulatory purpose and policy. We find the insurance provision, as found in the decedent's uninsured motorist policy and in the Pennsylvania Code's model no-fault policy, to be contrary to public policy and the intent of the legislature.

■ Initially, we note that approval of the policy provision by the Insurance Commissioner does not per se establish the validity of the particular provision, even though approval of forms by the Commissioner is a prerequisite to their use under the Insurance Company Law of 1921, *as amended,* 40 P.S. § 477b. If a court determines that a challenged provision is void as being contrary to law, then the approval itself is invalid as well, since such approval exceeds the power granted to the Commissioner. *Wilbert v. Harleysville Mutual Insurance Company,* 254 Pa.Super. 217, 226, 385 A.2d 987, 992 (1978).

The Uninsured Motorist Act [1] provides in pertinent part that:

"(a) No motor vehicle liability policy of insurance . . shall be delivered or issued . . . unless coverage is provided therein . . . in limits for bodily injury or

---

1. Act of August 14, 1963, P.L. 909 § 1, *as amended* Act of December 19, 1968, P.L. 1254, No. 397 § 1 (40 P.S. § 2000).

death as are fixed from time to time by the General Assembly in section 1421 of article XIV of 'The Vehicle Code,' act of April 29, 1959 (P.L. 58), under provisions approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . .." (footnote omitted).

The Vehicle Code, Act of April 29, 1959, P.L. 58, 75 P.S. § 1421, initially established the compulsory minimum amount of liability coverage to be provided by uninsured motorist policies—$10,000 per person and $20,000 per accident. This section of the Code was repealed in 1976,[2] and the minimum amounts of liability coverage were increased to $15,000 per person and $30,000 per accident.[3] The only exemptions from the mandatory coverage of the act are to damages compensable through workmen's compensation, to property damage and to "bodily injury sustained by the insured with respect to which the insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor." (footnote omitted) 40 P.S. § 2000(e).

The issue herein presented, whether an insurance company may, consonant with public policy, reduce benefits payable in its uninsured motorist policies by setting off no-fault benefits received by the insured, has yet to be decided by an appellate court in this jurisdiction.[4] However, we are not lacking in decisional law on the intent and

2. Act of June 17, 1976, P.L. 162, No. 81, § 7.

3. See 31 Pa.Code § 66.1–104(a).

4. Although no Pennsylvania appellate court decisions exist on this issue, there are decisions by courts in the federal system and by state appellate courts of other jurisdictions. In *Carnevale v. Sentry Insurance Company*, 469 F.Supp. 681 (W.D.Pa.1979), the federal district court for the western district of Pennsylvania held that Sentry's uninsured motorist insurance policy provision allowing set-off of no-fault benefits was invalid and inconsistent with the purpose of Pennsylvania's No-Fault Act. In that case, the court stated:

purpose of the legislature in passing the Uninsured Motorist Act and the No-fault Act. In *State Farm Mutual Automobile Insurance Company v. Williams,* 481 Pa. 130, 143, 392 A.2d 281, 287 (1978), a case involving a husband's attempt to collect benefits under both his and his wife's uninsured motorist policies for an injury he sustained while riding in his wife's car, our supreme court, in allowing recovery, noted:

"[W]e believe the legislative intent, as expressed in the words of the uninsured motorist statute and as interpreted

"The purpose of Pennsylvania's no-fault law is to create a first party contractual right of action against one's own insurer for economic loss and to preserve the common law cause of action for non-economic loss where certain threshold conditions have been met. Uninsured motorist coverage is designed to provide protection against being left with a worthless cause of action against the uninsured driver for non-economic loss. Defendant's set off provision, therefore, disregards the legislative distinction between economic and non-economic loss. By authorizing the set-off of no-fault payments for economic loss against uninsured motorist benefits, the Pennsylvania Insurance Regulations render the uninsured motorist coverage practically worthless. Only in the rare situations where economic losses are small and non-economic losses substantial does the uninsured motorist coverage provide any protection under a system of set-off as contained in defendant's policy. Insurance companies such as defendant reap a windfall in that premiums are paid for coverage which is totally worthless in the typical situation where no-fault payments either exceed the uninsured motorist policy limits or exceed non-economic losses." *supra* at 682 (footnotes omitted).

Similarly, the Supreme Court of Colorado in *Newton v. Nationwide Mutual Fire Insurance Company,* Colo., 594 P.2d 1042 (1979), held that an insurance policy provision allowing reduction of uninsured motorists insurance benefits by set-off of no-fault benefits was against public policy because it allowed the insurance carrier to provide less than the statutorily required minimum of uninsured motorist coverage. The court noted that the reduction of uninsured motorist coverage by PIP (personal injury protection) amounts penalizes those who are more seriously injured, in that, as the PIP benefits increase, the amount recoverable under uninsured motorist coverage decreases. The court concluded that although, generally speaking, the no-fault law does not favor double recovery of PIP benefits, nevertheless, if the Colorado legislature had intended to prevent a double recovery by an automatic dollar-for-dollar set-off of PIP benefits against amounts payable under uninsured motorist coverage, it would have been simple to expressly so provide (as it had in Colorado's no-fault statute wherein PIP recovery is reduced by worker's compensation benefits).

in *Harleysville [Mutual Casualty Co. v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968)], is clear. The insured may recover uninsured motorist benefits:

   1. If the injured party paid the premiums of the policy and was the named insured; and

   2. If the recovery under the second uninsured motorist coverage was limited to actual damages; and

   3. If the recovery is not limited by the statutory exclusions."

Traditionally, this statute has been construed liberally, with courts exercising a pronounced propensity to find coverage unless equally strong legal or equitable considerations to the contrary are present; any conditions or restrictions in an insurance policy which are held to be in derogation of the legislative purpose of the uninsured motorist law are void as against public policy. *See Adelman v. State Farm Mutual Insurance Co.,* 255 Pa.Super. 116, 386 A.2d 535 (1978); *Sands v. Granite Mutual Insurance Co.,* 232 Pa.Super. 70, 331 A.2d 711 (1974). Additionally, the statute "mandates a floor of minimum protection to be afforded to the owner/operator of a motor vehicle within the Commonwealth. The legislature has permitted enhancement of that minimum protection, but we believe the statute does not permit a diminution of that protection below the statutory limits." *State Farm Mutual Automobile Insurance Co. v. Williams, supra* 481 Pa. at 139–40, 392 A.2d at 285. Indeed, if the legislature intended to allow a dollar-for-dollar set-off of no-fault benefits against benefits payable under uninsured motorist coverage, it could have expressly so provided as it did in the case of the No-fault Act with respect to social security benefits (with exceptions) and workmen's compensation benefits. *See* Act of July 19, 1974, P.L. 489, No. 176 § 206, 40 P.S. § 1009.206.

   ■ Viewed in this light, the exclusionary clause appellant employed in its uninsured motorist insurance policy cannot be allowed to stand. The practical effect of the clause is to preclude the insured from recovering his actual damages in excess of no-fault benefits up to the limits of the applicable uninsured motorist coverage. This results in a diminution of

the "mandatory" floor of minimum protection of the statute, *see State Farm Mutual Automobile Insurance Company v. Williams, supra,* and constitutes a practice that runs contrary to the legislative intent of the statute and the public policy of maximizing the protection available to victims of uninsured motorist. We therefore hold that the exclusionary clause employed in appellant's uninsured motorist policy allowing set-off of no-fault benefits received by the insured against benefits payable under the uninsured motorist policy is invalid. In such situations, the insured should be allowed to recover under the uninsured motorist provisions of his insurance policy (up to the policy's limits) those actual damages suffered which exceed the amount of no-fault insurance benefits received or owing.

Accordingly, the order of the lower court granting appellee's petition for declaratory judgment is affirmed.