PER CURIAM.
Republic National Life Insurance Company (Republic) appeals the partial summary judgment entered in favor of Hiatt, et al. (Hiatt), in their class action declaratory judgment suit which sought to have paragraph B(2) of Republic's medical expense benefits policy declared ineffective and unenforceable. We affirm.
Republic issued a group conversion medical expense benefits policy to Hiatt which provided that the company would pay 80% of all covered medical expenses which exceeded the deductible amount specified on the policy schedule. Paragraph B of the policy provided in pertinent part:
B. DEDUCTIBLE AMOUNT
The Deductible Amount for each calendar year will be the greater of:
1. The Cash Deductible Amount of Covered Medical Expenses as shown on Policy Schedule; or
2. The amount or value of any benefits provided on an expense incurred basis with respect to Covered Medical Expenses by any other hospital, surgical or medical insurance policy or any other benefit provisions of this policy, or by any hospital or medical service subscriber contract or by any medical practice or other prepayment plan, or by any other plan or program whether on an insured or uninsured basis whether voluntary or required by statute.
Hiatt asserted that paragraph B(2) was unenforceable because this provision rendered the policy “excess insurance” within the purview of Section 627.635, Florida Statutes (1975)[1] and since the policy did not comply with Section 627.635(2), the excess insurance provision was void.
We agree with the trial court’s determination that the deductible provision, paragraph B(2), is an excess insurance provision as defined in Section 627.635(1) because its effect is to limit the insurer’s liability to only those covered medical expenses which exceed the benefits payable under other insurance policies. Since the policy, containing the excess insurance provision, was not conspicuously imprinted or stamped with the designation “excess insurance” or appropriate words of similar import as required by Section 627.635(2), the trial court properly concluded that the excess insurance provision, paragraph B(2), was ineffective and unenforceable. The obvious purpose of Section 627.635(2) is to assure that the policyholder is clearly made aware that the policy he has purchased contains an excess insurance provision and is thus given notice of his true coverage. It has generally been held that where such statutes are violated, the violative provision should be given no effect and the policy interpreted as if it did not contain the violative provisions. Annot., 36 A.L.R.3d 464 (1971).
*856 Accordingly, the partial summary judgment entered in favor of Hiatt is AFFIRMED.
ROBERT P. SMITH, Jr., C. J., and McCORD and ERVIN, JJ., concur.

. 627.635 Excess insurance.—
(1) No provision of this chapter shall be deemed to prohibit an insurer from issuing a policy as, or including in a policy a provision providing for, excess insurance; that is, to the effect that the insurer’s liability for benefits payable on account of expense incurred for any hospitalization, medical, surgical and other service resulting from covered sickness or injury of the insured, shall be limited to that part of such expense, if any, which is in excess of all benefits payable on account thereof by the same insurer under any other policy or policies covering the same insured and by all other insurers and service organizations by whom benefits are payable as to the same such expense.
(2) Any such policy, or any policy containing any such provision, shall have imprinted or stamped conspicuously upon the face thereof the designation “excess insurance” or appropriate words of similar import approved by the department.