## Occidental Fire & Casualty Insurance Co. v. Nationwide Insurance Co.

*Robert M. Frankhouser, Jr.*, for plaintiff.
*George C. Werner*, for defendant.

HUMMER, *J.*, October 19, 1982—This suit for declaratory judgment brought by Occidental Fire & Casualty Insurance Company (Occidental) presents the question of the validity of a provision in an insurance policy issued by Nationwide Insurance Company (Nationwide). The provision which has been approved by the Pennsylvania Department of Insurance and is included in the Department's model insurance policy limits the liability of Nationwide for providing no-fault benefits in certain situations. Occidental argues that this limitation is void because it is inconsistent with the No-fault Act.

The case is before the court on the parties' cross motions for summary judgment and the court has heard argument on these motions.

Stipulated facts are that on October 31, 1979, Isaac L. Lapp was injured when the tractor trailer which he was operating was involved in an accident. His wife, Nancy, who was riding in the truck also sustained injuries. Occidental, which insured the tractor trailer in the name of Isaac L. Lapp, paid $20,420.90 to the Lapps in no-fault benefits. At the time of the accident Lapps also owned an automobile which was insured by Nationwide in the names of both Isaac L. and Nancy Lapp. Occidental requested payment from Nationwide of half the benefits it had paid to the Lapps on the ground that Nationwide was also obligated to pay benefits incurred in the accident. Nationwide refused citing an exclusionary clause in its policy that precludes coverage when an insured is injured in a vehicle which he/she owns and when the vehicle is not

listed in the policy.[1] The tractor trailer was not listed in the policy issued by Nationwide.

In resolving this case this court must make an independent determination of the validity of the clause and is not constrained by the fact that the Insurance Department has approved the exclusionary provision: Walburn v. Nationwide Mutual Insurance Company, 98 Dauph. 166 (1976); Brader v. Nationwide Mutual Insurance Company, 270 Pa. Superior Ct. 258, 411 A. 2d 516 (1979).

As Occidental argues, the No-fault Act generally provides that when a person is named in an insurance policy, he and his relatives are covered by that policy regardless of the vehicle they are using at the time of an accident. The Act envisions that "the security follows the person, not the vehicle." Shrager, The Pennsylvania No-fault Motor Vehicle Insurance Act, § 1:15.3 (1979). This rule is based on Subsection 204(a)(2) which provides that "security for the payment of basic loss benefits applicable to an injury to an insured is the security under which the victim . . . is insured."

The rule that "insurance follows the person," however, is not absolute. At least two exceptions have been created—one statutorily (when the victim is in his employer's vehicle[2], and another judicially (when a victim is driving his uninsured vehicle).[3]

---

1. The pertinent clause reads: "You and your relatives are not covered for bodily injury arising out of the maintenance or use of any motor vehicle you own that is not an insured motor vehicle. An insured vehicle is one on which you have Basic Personal Injury Protection, and to which the auto Bodily Injury Liability coverage in this policy applies."

2. 40 Pa.C.S.A. § 1009.204(a)(1).

3. Walburn v. Nationwide Mutual Insurance Company, 98 Dauphin 166 (1976).

The issue, therefore, is whether this exclusion as applied in this case conflicts with the No-fault Act, or whether it creates another valid exception to the above-stated general rule.

The court begins by examining the relationship between the exclusion and the No-fault Act. Nationwide's exclusion clarifies the broad definition of "insured" in the No-fault Act. Under §103 of the Act, an "insured" is generally an individual named in the policy or a relative of the named individual. Under this definition the Lapps are "insured" because they are both named in Nationwide's policy. Nationwide narrows this definition by adding the proviso that when a person named in a policy or his relatives are injured in the named person's vehicle, these people will not be "insured" unless the vehicle is listed in the policy (a scheduled vehicle). Accordingly, the Lapps are not insured under Nationwide's policy even though named in the policy because the tractor trailer is not a scheduled vehicle.

The exclusionary clause effectively narrows the scope of Nationwide's no-fault coverage in only two limited situations: (1) when the vehicle is insured under another policy, or, (2) is not insured at all. As applied to this latter situation the clause has been upheld: Walburn, supra. In Walburn, plaintiff who was injured while driving his uninsured vehicle argued that he could receive benefits under the policy covering his father's vehicle. Conceding that the definition of "insured" in Section 103(b) could be read to include plaintiff, the court, in upholding the exclusion in the father's policy wrote that:

"While in isolation the definition of an insured applies to the plaintiff, for the court to so hold clearly defeats the other provisions of the Act . . .

which are designed to require all owners to provide security for their vehicles." 98 Dauphin at 173. Further, the Walburn court held that the exclusion did not conflict with the Act's goal of providing prompt and adequate loss benefits to accident victims.

Similarly, the exclusionary clause applied in this case is not inconsistent with the Act. The major elements of the Act are (1) a requirement that each vehicle which is registered and operated in the State must be insured,[4] and (2) a scheme for determining the victims' source of no-fault benefits.[5] The exclusionary clause clearly does not affect the first elements and does not conflict with the Act's scheme for determining source of benefits. Section 204(a)(2) generally provides that the applicable insurance is the victims' insurance. The exclusion in Nationwide's policy does not interfere with the effect of this provision, so that the insured victims, the Lapps in this case, still look to their insurer, Occidental, for coverage. Further, no gap in the protection of insured victims is created by the clause.

The provision in Nationwide's policy may instead further the stated purpose of the Act by helping to maintain insurance rates at more affordable levels.[6] The exclusion allows premiums to be based upon known risks. Without the clause, no-fault coverage would probably be more expensive because insurance companies would be issuing policies based on unknown risks: Holyfield v. Members Mutual Insurance Co., 566 S.W.2d 28 (1978).

---

4. 40 Pa.C.S.A. §§1009.104 and 110.
5. 40 Pa.C.S.A. §1009.204.
6. 40 Pa.C.S.A. §1009.103(b).

Occidental's reliance on the concept that insurance follows the person is not persuasive.[7] First, the exclusion in Nationwide's policy carves only a very narrow exception into the general rule that insurance follows the person. As discussed earlier, it applies only when the victim is injured in his vehicle and the vehicle is not a scheduled vehicle, or when the vehicle is uninsured. Second, Occidental's argument is based on the erroneous premise that the Act's primary focus is on the person and not on the vehicle. While it is true that Section 204(a)(2) quoted above does provide that generally the applicable source of no-fault benefits is the victim's own insurance company, it cannot be accurately stated that the act's primary focus is that insurance follows the person. A reading of the Act indicates that the legislature placed equal emphasis on insuring the vehicle.[8]

## ORDER

And now, October 19, 1982, for the above reasons, the court grants summary judgment to Nationwide Insurance Company. Motion for summary judgment by Occidental Fire & Casualty Insurance Company is denied.

---

7. In this regard, the court notes that Occidental must have changed its mind about the validity of the exclusion since the time of the Lapps' accident, because the policy it issued for Mr. Lapp's tractor trailer contains a similar exclusion.

8. Section 104(a) requires that "every owner of a motor vehicle which is registered and operating in the Commonwealth . . . shall . . . provide insurance covering such vehicle." Sections 501 and 601 subject the owner of a vehicle to both civil and criminal liability for failure to obtain no-fault insurance. Other provisions, e.g. Sections 103 and 110, contain the phrase "security covering a motor vehicle."