## Truitt v. United Services Automobile Association

*Joseph E. Breman,* for plaintiffs.
*Joseph P. Green,* for defendant.

REILLY, *P.J.,* April 7, 1983 — On January 13, 1978, Deborah A. Truitt, plaintiff above-named, was severely injured while a passenger in a motor vehicle operated by her husband, Gale C. Truitt, Plaintiff above-named, when said vehicle was struck by an automobile owned by Delores J. Goodman and operated by James M. White. The insurance carrier for White paid to plaintiffs its policy limits of $15,000 and the insurance carrier for Goodman paid to plaintiffs its policy limits of $50,000. Plaintiffs allege the actual damages sustained by Deborah A. Truitt are far in excess of the total amount

recovered and seek therefore to recover an additional sum under the Underinsured Motorist Coverage contained in plaintiffs' insurance policy with defendant above-named.

Defendant refuses payment under said underinsured motorist portion of the policy claiming that under the terms thereof defendant is not responsible for further payment.

The terms of the policy relied upon by defendant define an underinsured motor vehicle as:

"a land vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage."

And further, said policy provides:

"However the limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under the Liability Coverage of this policy."

The limits of liability under the underinsured motorist provision of plaintiffs' policy provided payment of $25,000 for each person with a maximum of $50,000 for each accident, and defendant now claims that under the set-off provisions of the policy no further payments are due. Plaintiffs, through this action, seek a declaratory judgment to have this court declare the set-off provision in the insurance policy void, unenforceable and against public policy and to further declare that defendant may not reduce the amounts payable to plaintiffs under the underinsured motorist provision by the amount of any recovery paid or payable by a third party tortfeasor. This court disagrees with plaintiffs' position.

Both plaintiffs and defendant agree that there is no existing appellate court decision in Pennsylvania interpreting the underinsured motorist coverage clauses of insurance policies with regards to the issue of set-off provisions also contained therein. Plaintiffs rely on the rationale of the Superior Court as contained in Brader v. Nationwide, 270 Pa. Super 258, 411 A.2d 516 (1980) and as followed in Saunders v. State Farm Insurance Company, 440 A.2d 538 (1982). In both of these cases the Superior Court held as a general rule of law that set-off provisions similar to the one contained in the instant policy were invalid when contained in insurance policies delineating uninsured motorist coverage. In the instant case we are dealing, however, with the underinsured motorist clause of the policy and the Courts are fairly consistent in holding that uninsured insurance coverage and underinsured insurance coverage are not the same. See White v. Concord Mutual Insurance Company, 442 A.2d 713 (1982); Commonwealth v. Barnes & Tucker, 9 Pa. Commw. 1, 303 A.2d 544 (1973); and Prudential Property and Casualty Company v. Pont, 489 F. Supp. 9 (E.D. Pa. 1979). This court has no difficulty in distinguishing the two types of coverage.

Moreover, it must be noted that uninsured motorist coverage is mandated by statute (40 P.S. §2000) while underinsured motorist coverage is not, and it is left to the discretion of the insured as to whether he wishes to include such coverage in his policy. This being the case, the arguments put forth in Brader, et al in declaring the set-off clause invalid with respect to uninsured motorist coverage will not justify a similar conclusion with regards to Underinsured Motorist Coverage. The court stated in Brader at page 261 as follows:

"Simply stated, the question presented by this case is whether the policy provision in issue is contrary to public policy and legislative intent, i.e., may an insurance company reduce the statutorily mandated minimum benefits of its uninsured motorist insurance provisions by setting off those amounts received by the insured under his no-fault coverage? We hold that it may not and therefore affirm the order of the court of common pleas."

Obviously this court cannot look to legislative intent in construing the terms of the underinsured motorist clause of the instant policy since the legislature has not spoken to this subject and further the clause cannot be found to be contrary to public policy since the coverage itself is not required but is, in fact, an option voluntarily selected by plaintiffs. At page 264 of said decision the court states:

"Additionally, the statute 'mandates a floor of minimum protection to be afforded to the owner/operator of a motor vehicle within the Commonwealth. The legislature has permitted enhancement of that minimum protection, but we believe the statute does not permit a diminution of that protection below the statutory limits.' "

and again this court would point out that since the underinsured motorist clause is not a creature of statute there is no mandated floor of minimum protection to be afforded plaintiffs herein.

Since the provisions of the underinsured motorist clause are not mandated by statute and therefore no legislative intent to interpret, and since there is no overriding issue of public policy to be adhered to, the insurance policy as a whole and the agreement with regards to underinsured motorist coverage must be treated as any contract entered into between willing and intelligent parties. In this case, it appears to this court that there has been an offer

and an acceptance that coverage exists and therefore that a valid contract of insurance exists between the parties, and in the absence of any allegation to the contrary such as fraud, accident or mistake this court has no jurisdiction or authority or indeed legal cause to alter the terms thereof.

Wherefore, the court enters the following

## ORDER

Now, this April 7, 1983, following argument into the above-captioned petition for declaratory judgment, it is the order of this court that said petition be and is hereby dismissed.