## Resto v. Travelers Insurance Co.

*Richard P. Mislitsky,* for plaintiff.
*Randy Brungard,* for defendant.

WHITE, *J.,* February 15, 1984 — Before the court is the motion for summary judgment[1] filed on behalf of defendant, Travelers Insurance Company (Travelers). Upon due consideration of the same, as well as the answer of plaintiff in opposition thereto, said motion is granted.

---

1. Although defendant has moved this court for summary judgment pursuant to Pa.R.C.P. 1035, the reasons therefor appear solely on the basis of the pleadings. Accordingly, this matter will be treated as a motion for judgment on the pleadings pursuant to Pa.R.C.P. 1034.

On or about September 17, 1981, plaintiff filed the instant complaint in assumpsit and trespass[2] seeking uninsured motorist benefits as a result of an alleged automobile collision between plaintiff and an uninsured motorist. At the time of the above-mentioned collision, according to the complaint, plaintiff was not covered under the provisions of any motor vehicle insurance policy.

In essence, the matter at bar poses an interesting question of considerable import. Accordingly, we are called upon to determine whether an uninsured motorist may recover benefits pursuant to 40 Pa. C.S. §2000 in circumstances in which the alleged automobile collision is due to the negligence of another uninsured motorist solely. We hold that uninsured motorist benefits are not recoverable under the facts pled at bar.

The underlying policy of our Uninsured Motorist Act, 40 Pa.C.S. §2000, has been clearly articulated by the Appellate Courts of this Commonwealth. Indeed, as the Supreme Court noted in the early case of Pattani v. Keystone Ins. Co., 426 Pa. 332, 231 A.2d 402 (1967), the act is designed to provide protection to innocent victims of irresponsible drivers. See also Amaradio v. Travelers Ins. Co., 276 Pa. Super. 189, 419 A.2d 159 (1980); Brader v. Nationwide Mut. Ins. Co., 270 Pa. Super. 258, 411 A.2d 516 (1979).

Couched in different language of a substantially similar import, our Superior Court determined that

---

2. Plaintiff's complaint is entitled "Complaint in Trespass and Assumpsit." An examination of the three counts of the complaint, however, fails to indicate which count or counts relate to a trespass claim. This defect — presumably due to ministerial error — is irrelevant in view of our decision.

the act was intended to apply to situations in which grave injuries are suffered by persons while lawfully using the highways of this Commonwealth. Boyle v. State Farm, 310 Pa. Super. 10, 456 A.2d 156 (1983).

In construing the act, however, the courts have adopted a liberal construction policy with a pronounced propensity towards finding applicability in the absence of equally strong legal or equitable considerations to the contrary. Walls v. City of Pittsburgh, 292 Pa. Super. 18, 436 A.2d 698 (1981); Adelman v. State Farm Mut. Auto. Ins. Co., 255 Pa. Super. 116, 386 A.2d 535 (1978); Sands v. Granite Mut. Ins. Co., 232 Pa. Super. 70, 331 A.2d 711 (1974).

Although the Appellate Courts of Pennsylvania have not passed upon the issue presented herein, we note that the instant question has been litigated in at least one lower court. In Mosley v. Travelers Insurance Co., C.C.P. Phila. County March Term, 1983, no. 4243 (DiBona, Jr., J., August 8, 1983), the court declined to compel the appointment of arbitrators in a situation involving similar facts. Although the court refused to appoint arbitrators due to the lack of an insurance policy,[3] the court further concluded that where "an owner fails to comply with the requirement of maintaining insurance for a registered vehicle, it is logical and reasonable to uniformly place the ultimate risk of loss upon the

---

3. See Weaver v. Travelers, C.C.P. Phila. County, January Term, 1982, No. 1619 (Lord, J., March 15, 1982); Pressley v. Fireman's Fund Ins. Co., C.C.P. Phila. County, November term, 1980 no. 1002 (Goldman, J., December 23, 1981); contra, Walker v. Ohio Cas. Co., 8 Phila. 251 (Gelfand, J. 1982).

uninsured owner." Mosley v. Travelers Ins. Co., id. at 3.

That same court recently ruled upon a case directly on point with the case at bar. In Andre v. ESIS, Inc., C.C.P. Phila. County, January term, 1983, no. 1767 (DiBona, Jr., J., November 21, 1983), the court stated:

"Plaintiffs' complaint and reply to new matter concede that plaintiff was injured while operating his own motor vehicle which was not covered by any policy of motor vehicle insurance of any kind. This Court has recently held that our No-Fault Act, at 42 P.S. §1009.501, bars an uninsured owner/operator like plaintiff from obtaining uninsured motorist benefits through the assigned claims plan." (Citation omitted Id. at 2.

Thus postured, it is our opinion that an uninsured motorist who suffers injury at the hands of another uninsured motorist is without remedy with respect to uninsured motorist benefits.[4] Indeed, the requirement that all motorists who seek to use the highways of this Commonwealth provide adequate security compels this result.[5] To do otherwise would clearly result in a violation of the clearly announced

---

4. One of the reasons for passage of the Uninsured Motorist Act, 40 Pa.C.S. §2000 (Purdon's 19    ), according to Brader v. Nationwide Mut. Ins. Co., 270 Pa. Super. 258, 411 A.2d 516 (1979) is to provide innocent persons with protection against being left with a worthless cause of action against the uninsured motorist for non-economic losses. We do not express an opinion with respect to any cause of action which may be asserted against the alleged tortfeasor.

5. Section 601 of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 Pa.C.S. §1009.601 (Purdon's 1983 Supp.) declares that operation of a motor vehicle without the required security is a misdemeanor.

public policy of mandatory automobile insurance.[6,7]

## ORDER

And now, this Feburary 15, 1984, in accordance with the opinion attached herewith, defendant's motion for summary judgment is granted and plaintiff's complaint is dismissed with prejudice.

---

6. Plaintiff contends that uninsured motorist benefits are recoverable in the case at bar under the holding of Tubner v. State Farm Mut. Ins. Co., 496 Pa. 215, 436 A.2d 621 (1981). In Turber, id., however, the claimant was not under an affirmative duty to obtain insurance. Accordingly, the doctrine announced therein is not applicable to the case at bar.

7. We are not unmindful of the myriad of arguments which can be raised with respect to the issue pertaining to the definition· of the term "innocent" as used in the cases cited herein. In view of the provision of the No-fault Motor Vehicle Insurance Act which mandates coverage for persons using the highways of this Commonwealth, 40 Pa.C.S. §1009.601 (Purdon's 1983 Supp.), however, we conclude that the term does not include those who operate motor vehicles in violation of this requirement. But see In the Matter of the Arbitration Between Nagle and the Motor Vehicle Accident Indem. Corp., 22 N.Y. 2d. 165, 292 NYS 2d 82, 239 NE 2d 186 (1968) ("innocent" refers to freedom of fault with respect to cause of collision.)