STONE, Judge.
This is an appeal from a summary judgment which held that the coordination of benefits provision in appellee’s group medical insurance policy did not constitute “excess” insurance. Therefore, the insurer was not required to insert the words “excess insurance” on the face of the policy as required by section 627.635, Florida Statutes.
The policy provided for payment of 80% of the first $5,000 of covered expenses, and 100% of covered expenses in excess of $5,000. The Jonases were in an accident and received payment of their medical expenses under the personal injury protection benefits of their automobile insurance. *489 They also demanded duplicate payment from appellee. Central Life denied this claim except to the extent, if any, that the expenses were not paid by the automobile insurance carrier.
Section 627.635, Florida Statutes, provides, in part:
Excess insurance
(1) No provision of this chapter shall be deemed to prohibit an insurer from issuing a health insurance policy as, or including in a policy a provision providing for, excess insurance; that is, to the effect that the insurer’s liability for benefits payable on account of expense incurred for any hospitalization, medical, surgical, and other services resulting from covered sickness or injury of the insured shall be limited to that part of that expense, if any, which is in excess of all benefits payable on account thereof by the same insurer under any other policy or policies covering the same insured and by all other insurers and service organizations by whom benefits are payable as to the same such expense.
(2) Any excess insurance policy, or any policy containing any excess insurance provision, shall have imprinted or stamped conspicuously upon the face thereof the designation “excess insurance” or appropriate words of similar import approved by the department.
The purpose for requiring that the words “excess insurance” be imprinted on the policy is to prevent misrepresentation and fraud.
Here, appellee’s policy contains the following provision:
COORDINATION OF BENEFITS
If you or any of your dependents are covered under another (a) group or blanket insurance coverage, (b) group hospital or medical service prepayment plans, group practice, or any other group prepayment coverage, (c) any coverage under labor management trusteed plans, union welfare plans, employee organization plans, or employee benefit organization plans, or, (d) any coverage under governmental program, or required by statutes, the benefits paid to you under this plan will be coordinated with those benefits.
This means that you will receive up to 100% of allowable expenses which would be covered under one of the above plans under which you make a claim. This system of paying claims eliminates double payments for the same illness or injury, and at the same time, reimburses you for the medical expenses you incur, [emphasis added]
Appellant contends that this coordination of benefits provision is, in effect, a provision for excess coverage which would be unenforceable because the words “excess insurance” were not placed on the policy. However, we do not construe the policy provisions as limiting the insurer’s liability to expenses that are in excess of all benefits payable under another policy. The Jonas policy simply provides that if the insured is covered as listed, the benefits payable by the appellee will be coordinated with the other benefits to insure 100% reimbursement.
Section 627.4235, Florida Statutes, recognizes such coordination of benefits provisions. It provides, in part:
Coordination of Benefits
(1) No group hospital, medical, or surgical expense policy ... shall be issued or issued for delivery in this state unless the policy or plan contains a provision for coordinating its benefits with any similar benefits provided by any other group hospital, medical, or surgical expense policy. ...
(2) No hospital, medical, or surgical expense policy ... shall be issued ... which contains any provision whereby the insurer may reduce or refuse to pay benefits otherwise payable thereunder solely on account of the existence of similar benefits provided under insurance policies issued by the same or another insurer ... unless, as a condition of coordinating benefits with another insurer, the insurers together pay 100 percent of the total reasonable expenses actually incurred of the type of expense within the benefits described in the policies and presented to the insurer for payment.
*490 Appellant asserts that a provision that was found to constitute excess insurance in Republic National Life Insurance Co. v. Hiatt, 400 So.2d 854 (Fla. 1st DCA 1981), is similar to that in this Central Life policy. However, the coordination of benefits' provision here does not resemble the provision in Hiatt, where the insurer was only obligated to pay expenses which exceeded a deductible consisting of benefits payable under other policies. The Hiatt clause was “excess” because it limited the insurer’s risk to only those expenses that exceeded the benefits payable under the other policies. Here, there is no such limitation. Rather, the Central Life policy fills in any gaps in coverage left by any other policies and guarantees 100% payment of expenses without regard to why such sums were not paid under another policy. Therefore, the clause in question contains a “coordination” and not an “excess” provision. Cf. Brown v. Gulf Life Insurance Co., 343 So.2d 91 (Fla. 3d DCA 1977) (provision in insurance policy excluding payment of benefits arising out of no-fault type injury unless injury exceeds $5000 is merely a $5000 deductible for this type of injury and not excess insurance). The judgment of the trial court is, therefore, affirmed.
DELL, J., concurs.
ANSTEAD, J., dissents with opinion.