## Johnson v.
## Lincoln National Life Insurance Co.
*[Cite as 6 AOA 18]*

*Case No. 11967*
*Montgomery County, (2nd)*
*Decided August 31, 1990*

*Lester R. Thompson, 1332 Woodman Drive, Suite 110, Dayton, Ohio 45432, for Plaintiff-Appellant.*

*Thomas L. Czechowski, 205 East First Street, Dayton, Ohio 45402, for Defendant-Appellee.*

BROGAN, J.

Appellant, Leonard Johnson, appeals from the summary judgment granted by the trial court in favor of appellee, Lincoln National Life Insurance Co. ("Lincoln").

The facts may be summarized as follows. On October 1, 1981, Lincoln issued a Flexible Income Protection Policy and Rider to Johnson. It was Johnson's intent to purchase an insurance policy that provided benefits in the event that he suffered any physical disability.

The terms of the policy obligated Lincoln to pay Johnson a monthly benefit of $500, reduced by certain other income, for each month that Johnson was totally disabled.The policy sets forth the following pertinent language beneath the boldface caption of "Benefits":

"We will *** make the first payment, equal to the Monthly Benefit Shown on page 3 ($500] *less any Current Monthly* (Total Disability Benefit), after you have been Totally Disabled for one month following the Waiting Period (and for a period of less than one month, 1/30 of the Total Disability Benefit for each day) and monthly thereafter." (Emphasis added).

In order to determine the amount of Current Monthly Income to be subtracted from the Monthly Benefit of $500, one must successfully navigate the labyrinth of definitions as explained by Lincoln in its brief at p. 5:

"Pages 4 and 5 contain the 'Definitions' portion of the policy. On page 5, the term 'Total Disability Benefit' is defined as 'The Monthly Benefit shown on page 3 reduced by any Current Monthly Income.' 'Current Monthly Income' is defined on page 5 as 'Your Monthly Income for the month that a benefit is claimed.' 'Monthly Income' is defined on page 4 as follows 'During the Initial Benefit Period of any continuance Total Disability, Monthly Income is the sum of your Social Insurance Benefits.' 'Social Insurance Benefit' is defined on page 4 as 'The initial amount of benefit which you receive or are entitled to receive from a Social Insurance Program.' 'Social Insurance Programs' is defined on page 4 as, *inter alia* The Social Security Act (Social Security) ...."

From November 1, 1982 through May 31, 1988, Johnson experienced several periods of disability during which he received a total of $8,666.66 pursuant to the insurance policy at issue. However, after May, 1988, Johnson began receiving Social Security benefits in excess of the

$500 Monthly Benefit and Lincoln ceased payment under its policy.

In his amended complaint, Johnson asserted three causes of action. The first two, asserted against Lincoln, are et issue on appeal; the third, asserted against Lincoln's agent, Phillip Stanse, is not. In his first cause of action, Johnson alleges that Lincoln's policy is ambiguous and violates R.C. 3923.03(E), which reads:

"No policy of sickness and accident insurance shall be delivered, issued for delivery, or used in this state unless all the following requirements are complied with:

"***

"(E) The exceptions and reductions of indemnity are adequately captioned and clearly set forth in the policy."

Johnson's second cause of action is based upon Lincoln's alleged violation of R.C. 1345.03(A)(3), the Ohio Consumer Sales Practices Act.

Lincoln moved for summary judgment, arguing that as a matter of law, its policy cannot be violative of R.C. 2923.03(E) because the policy was filed with the Superintendent of Insurance pursuant to R.C. 3923.02 and was deemed approved under R.C. 3923.021(B)(3) due to the Superintendent's failure to disapprove it. Further, Lincoln asserts that the Ohio Consumer Sales Practices Act is inapplicable to sickness and accident insurance policies. Rather, and preempted by the statutes contained in Title 39 of the Revised Code.

The trial court granted Lincoln's motion for summary judgment, finding that the policy clearly set forth exceptions and reductions of indemnity which were adequately captioned and that no private cause of action existed for a violation of R.C. 3923.03. Regarding Johnson's second cause of action, the trial court found it questionable that the Ohio Consumer Sales Practices Act applied to the insurance industry and that in any event, no evidence reflected that Lincoln knew or should have known that Johnson would not receive a substantial benefit from its policy.

It is from this judgment that Johnson now appeals.

Appellant's sole assignment of error reads:

"The trial court committed harmful and prejudicial error in granting summary judgment in favor of the defendant-appellee, the Lincoln National Life Insurance Company."

Appellant argues that R.C. 3923.03(E) requires "a heading that says clearly that social insurance benefits received by the insured are deducted from policy benefits." (Appellant's Brief, p. 8). The trial court found that the policy complied with the caption requirement set forth in R.C. 3923.03(E), explaining: "a review of the insurance policy shows that the definitional section of the contract is segmented by various boldly capitalized phrases which set forth definitions given to policy holders in order to determine the meaning of the phrases used in the policy." (Decision, Entry & Order dated November 28, 1989, p. 6). We find that the trial court erred in determining that the indemnity reductions were adequately captioned pursuant to R.C. 3923.03(E) and reverse the summary judgment on appellant's first cause of action.

Because our research has failed to reveal Ohio case law interpreting R.C. 3923.03(E), we have been obliged to seek guidance from the statutes and case law of other jurisdictions. Initially, we compared the Ohio statute in question to analogous statutes from other states. Our statute mandates that exceptions and reductions of indemnity be adequately captioned *and* clearly set forth in the policy. These dual requirements may be contrasted with the requirements contained in comparable statutes from the jurisdictions of California, New York and Pennsylvania, each of which contains the following language:

"(T]he exceptions and reductions of indemnity are set forth in the policy and, *** are printed, *at the insurer's* option *either* included with the benefit provision to which they apply, *or* under an appropriate caption such as 'exceptions', or 'exceptions and reductions'. Provided: That if an exception or reduction specifically applies only to a particular benefit of the policy, a statement of such exception or reduction shall be included with the benefit provision to which it applies ***." (40 Pa. Cons. Stat. Ann. Sec. 752(A) (5) (Purdon 1971), (emphasis added)), (*see also* Cal. Insurance Code Sec. 10320 (e) (West 1972), N.Y. Insurance Law Sec. 3216 (C)(7)(Consol. 1985)).

The policy at issue does contain the boldface caption, "Exceptions", under which appears this explanation "This policy does not cover any loss caused or contributed to by: 1. an act of war, whether declared or undeclared, or 2. normal pregnancy or childbirth." On the same page, under the boldface caption, "Benefits," appears the statement, "We will *** make the first payment, equal to the Monthly Benefit *** less any Current Monthly Income *** after you have been Totally Disabled ***." Although the insurance policy does contain the "definitional section of *** boldly capitalized phrases" noted by the trial court, the statement appearing in the "Benefits" section is the only portion of the policy which discloses that

the insured's Current Monthly Income will actually be deducted from the Monthly Benefit.

It is our opinion that the policy in question would fulfill the exceptions and reductions disclosure requirements in Pennsylvania, New York or California. This is true because in those states, the insurer has the option of either including the exceptions and reductions within the explanation of benefits to which they apply or listing them under a separate caption entitled "exceptions" or "exceptions and reductions." However, in Ohio, the insurer does not have this option. Here, an insurer must promulgate a policy which both clearly sets forth the exceptions and reductions and includes an adequate caption indicating the inclusion of exceptions and reductions.

We disagree with the trial court's conclusion that the capitalized phrases in the definition section constitute adequate captions of the benefit exceptions and reductions. At most, these phrases and definitions may alert the insured that the terms defined could be of some significance within the remaining context of the policy.

Appellee argues that the policy at issue cannot, as a matter of law, violate R.C. 3923.03(E) because it was approved by the Superintendent of Insurance. We find the Pennsylvania case of *Bader v. Nationwide Mut. Ins. Co.* (1979), 270 Pa. Super. 258, 411 A. 2d 516, to be instructive. Upon consideration of the very argument posited by appellee, the *Bader* court determined:

"Initially, we note that approval of the policy provision by the Insurance Commissioner does not *per se* establish the validity of the particular provision, even though approval of forms by the Commissioners is a prerequisite to their use under [Pennsylvania insurance statutes]. If a court determines that a challenged provision is void as being contrary to law, then the approval itself is invalid as well, since such approval exceeds the power granted to the Commissioner." (411 A. 2d at 517).

It is well established that where insurance policy provisions are not plainly expressed, the policy will be construed strictly against the insurer and liberally in favor of the insured. Pursuant to *Alexander v. Buckeye Pipeline Co.* (1978), 53 Ohio St. 2d 241, construction of the insurance contract language is a question of law determinable by the court.

The aforementioned propositions govern our review of appellant's insurance policy. We conclude that the policy must be read without the language purporting to reduce appellant's benefits by an amount equal to the defined term, "Current Monthly Income." The reduction must be deleted because, as discussed *supra*, the insurer has failed to disclose the reduction in the form mandated by R.C. 3923.03.

Our conclusion is supported by the case law of other jurisdictions. In the Florida case of *Republic National Life Insurance Co. v. Hiatt* (1981), 400 So. 2d 854, the court reviewed and affirmed a summary judgment granted in favor of Hiatt upon her declaratory judgment action, wherein she sought to have a portion of "Republic's medical expense benefits policy declared ineffective and unenforceable." (400 So. 2d at 855). At issue was a policy provision that failed to comply with Fla. Stat. Sec. 627, 635(2) (1975), governing excess insurance. That statute provided, in pertinent part:

"Any *** policy containing any (excess insurance] provision, shall have imprinted or stamped conspicuously upon the face thereof the designation 'excess insurance' or appropriate words of similar import approved by the department." Republic's insurance policy included an excess insurance provision in that portion of the policy entitled, "Deductible Amount."

The *Republic* court held as follows: "Since the policy, containing the excess insurance provision, was not conspicuously imprinted or stamped with the designation 'excess insurance' or appropriate words of similar import as required by Section 627.635(2), the trial court properly concluded that the excess insurance provision, paragraph B(2), was ineffective and unenforceable. The obvious purpose of Section 627.635(2) is to assure that the policyholder is clearly made aware that the policy he has purchased contains an excess insurance provision and is thus given notice of his true coverage. It has generally been held that where such statutes are violated, the violative provision should be given no effect and the policy interpreted as if it did not contain the violative provisions. Annot., 36 A.L.R. 3d 464 (1971)."

The Florida statute at issue in *Republic*, although not identical, is analogous to the Ohio statute in question. Both statutes mandate that an insurer "conspicuously" or "adequately" caption certain policy limitations in order to inform the insured of his particular coverage. Failure to comply with the statute results in the deletion of the nonconforming policy provision.[1]

It is not our intent to require the insurer to include extensive descriptions of policy provisions and reductions in a caption prior to giving them effect. Rather, we agree with the analysis of the Illinois Supreme Court in *Mosley v Mutual Life*

*Ins. Co. of New York* (1950), 405 Ill. 599, 92 N.E. 2d 103, 107:

"It is true that paragraph captions in policies are not required to be drawn so as to include every requirement in the policy \*\*\*, however, it must also follow that the captions should not be repugnant or misleading as to the requirements or coverage in the policy."

In the instant case, the only reference to the insurer's intent to reduce its disability payments by the amount of social security received by appellant appears in the section boldly entitled, "Benefits." We find it anomalous, under Ohio law, that the policy section purporting to explain the amount of benefits to be paid out to the insured is the only section which, in fact, informs the insured that his benefits will be reduced. This is particularly true in light of the fact that the policy does contain a provision entitled "Exceptions," which does not allude to the social security reduction.

As to appellant's second cause of action, regarding Lincoln's alleged violation of the Ohio Consumer Sales Practices Act, we find Lincoln's argument persuasive. It is clear the Ohio legislature meant to regulate the insurance industry in Chapter 39 and that the Ohio Consumer Sales Practices Act has no application to controversies over insurance policies. We therefore affirm the summary judgment in Lincoln's favor with respect to this cause of action.

Having determined that Lincoln's insurance policy fails to comply with Ohio's statutory guidelines governing exceptions and reductions of indemnity, we find appellants' assignment of error with respect to his first cause of action to be well taken. The judgment of the trial court is therefore affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

WILSON, J., and FAIN, J., concur.

---

[1] See generally 57 Ohio Jurisprudence 3d (1985) 359, 360, Insurance, Section 290, summarizing the rule of construction against exceptions and limitations in Ohio.